UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21412-KMM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

HORTENSE MCGILLVERY,

       Defendant.
                                    /

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Plaintiff United States of America's Motion for Summary Judgment (ECF No. 15). Defendant Hortense McGillvery did not respond,[1] so this matter is ripe for review. For the reasons set forth below, the Motion for Summary Judgment is GRANTED.

**I.     BACKGROUND**

This is an action brought by the United States of America, on behalf of the U.S. Department of Education, against Hortense McGillvery to recover on a defaulted student loan.

The undisputed material facts in this case are as follows.[2] On June 20, 2004, McGillvery executed a promissory note (the "Note") to secure a Direct Consolidation Loan from the U.S. Department of Education under the William D. Ford Federal Direct Loan Program, authorized by Title IV, Part D of the Higher Education Act of 1965, 20 U.S.C. §§ 1071 et seq. The loan was

---

[1] McGillvery, however, did answer the Complaint, which in no way defeats summary judgment in the United States' favor.

[2] Given McGillvery's failure to respond to the Motion for Summary Judgment, the Court adopts in full the Government's Statement of Undisputed Facts. See Pl.'s Mot. Summ. J. at 1–3.

disbursed for $24,620.31 and $33,894.32 at an interest rate of $4.25% per year.  On September 24, 2007, McGillvery defaulted.  She has not made a single payment on the loan.

As of June 4, 2015, McGillvery owes the United States a total of $86,187.08.  This amount includes $63,307.28 in principal and $22,879.80 in interest.  It also includes $965.00 in taxable costs consisting of attorney's fees and a service and travel fee.

As a result of McGillvery's default, the United States commenced this action.  It seeks to recover the full amount owed under the Note, plus pre-judgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest per 28 U.S.C. § 1961.  The Government also asks for attorney's fees.

The United States now moves for summary judgment.

**II.    LEGAL STANDARD**

Summary judgment is appropriate where there is "no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Fed R. Civ. P. 56.  An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case.  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  An issue of fact is "genuine" if the record, taken as a whole, could lead a rational trier of fact to find for the non-moving party.  Id.

The moving party has the initial burden of showing the absence of a genuine issue as to any material fact.  Id. (citation omitted).  In deciding whether the moving party has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the non-moving party.  Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).  Once the moving party satisfies its initial burden, the burden shifts to the

y

non-moving party to come forward with evidence showing a genuine issue of material fact that precludes summary judgment. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); see also Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Tyson Foods, Inc., 121 F.3d at 646 (citations omitted). But if the record, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial, and summary judgment is proper. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**III.   DISCUSSION**

The United States is entitled to summary judgment. In a suit to enforce a promissory note, where the claimant establishes through pleadings, exhibits, and affidavits the existence of the note, the borrower's default, and the amount due under the note, the claimant has established a prima facie case. United States v. Irby, 517 F.2d 1042, 1043 (5th Cir. 1975).[3] The burden then shits to the borrower to show that the amount alleged to be due is not in fact owing. Id. Absent such proof, judgment as a matter of law in the claimant's favor is appropriate. Id. Indeed, due to the relative simplicity of the issues involved, actions to enforce promissory notes are among the most suitable for disposition by summary judgment. Colony Creek, Ltd. v. Resolution Trust Corp., 941 F.2d 1323, 1325 (5th Cir. 1991) (citation omitted). Here, it is undisputed that McGillvery executed a promissory note to secure her student loan. It is also undisputed that she

---

[3] Cases decided by the United States Court of Appeals for the Fifth Circuit before October 1, 1981, are binding in this circuit. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

has defaulted on that note. Thus, because McGillvery has not raised a valid defense, the United States is entitled to the full amount due and owing under the Note as a matter of law.

The United States is also entitled to attorney's fees and costs. Under the Higher Education Act of 1965, "a borrower who has defaulted on a [student] loan shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1). These costs include court costs and attorney's fees. See 34 C.F.R. § 30.60(a)(8). Here, the United States has incurred $965.00 in taxable costs, comprising attorney's fees and a service and travel fee. It is entitled to this amount as a matter of law.

**IV.  CONCLUSION**

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff United States of America's Motion for Summary Judgment (ECF No. 15) is GRANTED as follows:

1. The United States is entitled the full amount due and owing under the Note, plus pre-judgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest; and
2. The United States is entitled to all court costs and attorney's fees.

The Clerk of Court is instructed to CLOSE THIS CASE. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th day of July, 2015.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:   All counsel of record